IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IOANNIS MYLONAKIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE M/T GEORGIOS M., her engines, | § | |
| tackle, etc., *in rem*; STYGA | § | CIVIL ACTION NO. H-10-3031 |
| COMPANIA NAVIERA S.A.; HELFORD | § | |
| MARINE INC.; KYRIAKOS MAMIDAKIS; | § | |
| NIKOLAOS A. MAMIDAKIS; | § | |
| ALEXANDROS N. MAMIDAKIS; and | § | |
| ALEXANDROS G. PROKOPAKIS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiff's Motion to Amend Original Complaint to Restate Jurisdictional Basis and Jury Trial Demand (Docket Entry No. 134) and plaintiff's Motion for Leave to File Supplemental Complaint (Docket Entry No. 152). For the reasons stated below, both motions will be granted and all the claims asserted in this action will be tried to a jury.

## I.  Background

The factual background underlying the claims asserted in this action is described in the Memorandum Opinion and Order (Docket Entry No. 129) entered on December 4, 2012.[1]  Plaintiff initially

---

[1]Memorandum Opinion and Order, Docket Entry No. 129, pp. 4-10. See also Mylonakis v. M/T GEORGIOS M., ____ F.3d ____, 2012 WL 6042197, *53-*54 (S.D. Tex. December 4, 2012).

filed suit on August 24, 2010, against the M/T GEORGIOS M., her engines, tackle, etc., in rem ("the Vessel"); STYGA Compania Naviera S.A. ("STYGA"), Helford Marine Inc. ("Helford"), Kyriakos Mamidakis, Emmanuel A. Mamidakis, Nikolaos A. Mamidakis, Alexandros N. Mamidakis (collectively, "the Mamidakis Defendants"), and Alexandros G. Prokopakis, asserting claims for violation of the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1910, general maritime claims for unseaworthiness, negligence, intentional misrepresentation, breach of the duty to defend, maintenance and cure, double wages under 46 U.S.C. § 10313, and pendent state law claims for malicious prosecution, breach of fiduciary duty, and gross negligence.[2] The caption to the plaintiff's Original Verified Complaint stated "Admiralty Jury Trial,"[3] and under the heading "Subject Matter Jurisdiction," the plaintiff stated:

> This is an admiralty and maritime law claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction exists pursuant to the admiralty and maritime jurisdiction of the United States Courts as provided under 28 U.S.C. § 1333. Subject matter jurisdiction in admiralty is also specifically founded on the provisions of 33 U.S.C. § 1910; and 46 U.S.C. § 10313. The Court has also pendent jurisdiction over Plaintiff's state law claims because they arise from the same common nucleus of operative facts as the statutory and general maritime law claims.[4]

On November 17, 2011, defendants filed a Motion to Strike Plaintiff's Jury Demand (Docket Entry No. 67), and on December 5,

---

[2] See Original Verified Complaint, Docket Entry No. 1.

[3] Id. at 1.

[4] Id.

2011, plaintiff responded by filing his Response in Opposition to Defendant's Motion to Strike Jury Demand (Docket Entry No. 68). Plaintiff opposed defendants' motion to strike his jury demand by arguing that

> [a]part from the maritime law claims, designated as such with reference to Rule 9(h) admiralty jurisdiction, the Verified Complaint pleads two additional discrete categories of claims, *i.e.*: non-maritime state-law claims, pendent to the Court's federal question and admiralty jurisdictions; and claims arising under statutes of the United States, and within the Court's federal question jurisdiction.
>
> Plaintiff is entitled to trial by jury of these non-admiralty claims. It is consistent with Fifth Circuit Court of Appeals practice as stated in *Luera v. M/V Alberta*, 635 F.3d 181, 192 (5th Cir. 2011), in these circumstances, for the admiralty and non-admiralty claims to be tried together in one jury trial for reasons of judicial efficiency and the fair administration of justice, which override the historic tradition of trying admiralty claims to the bench. *Assuming arguendo*, if by reason of his invocation of Rule 9(h) admiralty jurisdiction, Plaintiff has confounded his right to have the jury trial he demands; it is respectfully submitted that he should be allowed to amend the Verified Complaint to restore it, particularly since Defendants have not been and would not be, in any way, prejudiced thereby.[5]

Plaintiff explained that the defendants' motion to strike his demand for a jury

> ignored those portions of the Verified Complaint which specifically plead: (1) the Court's pendent jurisdiction over state common law claims; and (2) the court's federal question jurisdiction (28 U.S.C. § 1331) over federal statutory claims — in this instance the Act to Prevent Pollution from Ships. These are two of the three

---

[5]Plaintiff's Response in Opposition to Defendants' Motion to Strike Jury Demand, Docket Entry No. 68, p. 3.

jurisdictional foundations, of Plaintiff's claims, the third being the admiralty jurisdiction of the Court.[6]

At the status conference held on December 29, 2011, the court granted defendants' motion to strike plaintiff's jury demand,[7] and denied plaintiff's motion to amend without prejudice explaining:

> This case has been pending for 15 months.  The deadline for amendments to pleadings has long passed.  There are many pending dispositive motions.  Considerable discovery has been completed, and the Court hopes to try the case this summer.  That is the summer of 2012.
>
> Moreover, plaintiff has not even submitted a copy of his proposed amended complaint.  However, after the Court has ruled on the pending motions to dismiss and for summary judgment, the case -- the scope of the case may change.  There may be fact issues that will be more suitable for a jury to decide.  Plaintiff may therefore seek to amend the basis for jurisdiction in his complaint within 20 days after the Court rules on all of the pending dispositive motions.[8]

On December 4, 2012, the court entered a Memorandum Opinion and Order (Docket Entry No. 129) that disposed of the pending motions.[9]  The court dismissed for lack of personal jurisdiction all the claims asserted against the individual defendants, i.e., the Mamidakis Defendants and Alexandros G. Prokopakis, and the claim for intentional misrepresentation asserted against STYGA and Helford.  The court also granted defendants' motions for summary judgment on plaintiff's claims for violation of the APPS, 33

---

[6]Id. at 4-5.

[7]See Hearing Minutes and Order, Docket Entry No. 71, p. 1.

[8]Hearing Transcript, Docket Entry No. 75, p. 6:13-25.

[9]Memorandum Opinion and Order, Docket Entry No. 129, pp. 122-24.  See also Mylonakis, ___ F.3d ___, 2012 WL 6042197, at *53-*54.

U.S.C. § 1910, and for malicious prosecution and breach of the duty
to defend in violation of Texas law.    As a result of the
December 4, 2012, Memorandum Opinion and Order the remaining
defendants are the Vessel, STYGA, and Helford; and the remaining
claims are general maritime claims for unseaworthiness, maintenance
and cure, negligence, and statutory claims for double wages under
46 U.S.C. § 10313, and Texas common law claims for breach of
fiduciary duty and gross negligence.[10]

On December 21, 2012, the court held a scheduling conference
at which plaintiff was granted until January 18, 2013, to file a
motion to seek a jury trial on his pendent state law claims.[11]   On
January 18, 2013, plaintiff filed a Motion to Amend Original
Complaint to Restate Jurisdictional Basis and Jury Trial Demand
("Plaintiff's Motion to Amend") (Docket Entry No. 134).    Citing
Fitzgerald v. United States Lines Co., 83 S.Ct. 1646 (1963),
.plaintiff argues that the remaining claims may all be tried to a
jury because his claim for penalty wages under 46 U.S.C. § 10313
provides federal question jurisdiction.    Alternatively, plaintiff
argues that he is entitled to a jury trial on his pendent state law
claims.

On May 6, 2013, plaintiff filed his Motion for Leave to File
Supplemental Complaint (Docket Entry No. 152), in which plaintiff
seeks leave to supplement his Original Verified Complaint by

---

[10]Hearing Transcript, Docket Entry No. 136, p. 2:14-22 (parties
agree that these are the claims that remain in this action).

[11]Hearing Minutes and Order, Docket Entry No. 132.

add[ing] a tenth count that will allow him to add an additional heading of damages arising from and relating to the events that form the basis of his original complaint founded, however, on new developments in the condition of [his] health which has deteriorated, worsened, and recently required him to undergo major surgery.[12]

## II.   **Standard of Review**

Rule 15(a) provides that "the court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A decision to grant leave [to amend] is within the discretion of the court, although if the court 'lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial.'"  State of Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995) (quoting Jamieson By and Through Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985)).  Rule 15(a) provides "a strong presumption in favor of granting leave to amend."  Financial Acquisition Partners, LP v. Blackwell, 440 F.3d 278, 291 (5th Cir. 2006).  Nevertheless, "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."  United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 270 (5th Cir. 2010) (citing Foman v. Davis, 83 S.Ct. 227, 230 (1962)).

---

[12]Motion for Leave to File Supplemental Complaint, Docket Entry No. 152, p. 1.

### III.  Motion to Amend to Restate Jurisdictional Basis and Reassert Jury Demand

Plaintiff seeks leave to file a First Amended Verified Complaint in order

> to clarify which claims arise under admiralty jurisdiction; which ones are statutory; and which ones are based on state law and under the Court's supplemental jurisdiction, with specific reference to the respective sections of 28 U.S.C. §§ 1331, 1333 and 1367. Plaintiff has also amended paragraphs 95 and 131 of the complaint to specifically allege the basis of the court's supplemental jurisdiction tracking the language of 28 U.S.C. § 1367.[13]

The Proposed First Amended Verified Complaint alleges the following basis for subject matter jurisdiction:

> The jurisdiction of the Court over Plaintiff's claims is based: (1) on 28 U.S.C. § 1331 as to the statutory claim of Count one *i.e.* Defendants' violations of the Act to Prevent Pollution from Ships (33 U.S.C. § 1910 et seq.), and as to the statutory claim of Count Seven for penalty wages (46 U.S.C. § 10313); (2) on 28 U.S.C. § 1333 as to Counts Two, Three, Four, Five, and Six, and Seven which are admiralty and maritime law claims; and (3) on 28 U.S.C. § 1367 as to the state law claims of Counts Eight and Nine, which are based on the laws of the State of Texas, over which the Court has supplemental jurisdiction by virtue of their being so related to the other claims in the action as to form part of the same case or controversy; and on 28 U.S.C. § 1331 to the extent these require resolution of a substantial question of federal law.[14]

Count Seven in the Proposed First Amended Verified Complaint is plaintiff's Statutory Claim for Double Wages under 46 U.S.C.

---

[13]Plaintiff's Motion to Amend, Docket Entry No. 134, pp. 4-5.

[14]Proposed First Amended Verified Complaint, Exhibit A to Docket Entry No. 134, pp. 1-2.

§ 10313, Count Eight is plaintiff's claim for malicious prosecution, and Count Nine is plaintiff's claim for breach of fiduciary duty and gross negligence.[15] Plaintiff argues that both his state law claims and his statutory claim for penalty wages provide rights to a jury. Citing 46 U.S.C. § 10313(i), plaintiff argues that his claim for penalty wages has an independent, statutory basis, apart from the court's admiralty jurisdiction, which provides federal question jurisdiction under 28 U.S.C. § 1331.[16]

Defendants argue that plaintiff's motion to file an amended complaint should be denied because

> all of the issues left remaining to be determined at trial — maintenance and cure; the penalty wage claim under 46 U.S.C. § 10313; unseaworthiness; negligence; and the claims for breach of fiduciary duty and gross negligence — are all claims arising under the admiralty and maritime jurisdiction to which no right to trial by jury attaches.[17]

Defendants also argue that they would suffer prejudice if a jury trial were allowed in this case.[18] Defendants state that they have prepared their case for trial to the court and would have to

---

[15]Id. at 29-39.

[16]46 U.S.C. § 10313(i) states: "This section applies to a seaman on a foreign vessel when in a harbor of the United States. The courts are available to the seaman for the enforcement of this section."

[17]Defendants' Response in Opposition to Plaintiff's Motion to Amend Original Complaint to Restate Jurisdictional Basis and Jury Trial Demand ("Defendants' Response"), Docket Entry No. 139, p. 2.

[18]Id. at 9-10.

prepare it for trial to a jury on short notice if a jury trial were allowed.

## A.   Applicable Law

### 1.   Admiralty Jurisdiction

Article III, § 2 of the United States Constitution empowers district courts to hear and decide "all cases of admiralty and maritime jurisdiction." Claims filed under the admiralty jurisdiction of a federal court fall into two categories — *in rem* actions directed against the vessel itself and *in personam* actions, which are generally directed against the ship's owners.  The critical difference between these two actions is that claims *in rem* may only be brought before a federal court, pursuant to admiralty jurisdiction; while *in personam* claims may be brought "at law" based on diversity and/or federal question jurisdiction.  See Durden v. Exxon Corp., 803 F.2d 845, 849 (5th Cir. 1986); TNT Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585 (5th Cir.) (per curiam), cert. denied, 104 S.Ct. 151 (1983).

The modern day version of § 9 of the Judiciary Act of 1789, contained in 28 U.S.C. § 1333, provides as follows:  "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:   (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."  The dichotomy recognized under the "saving-to-suitors" clause is generally explained to mean that

-9-

where a plaintiff proceeds in a maritime action against a defendant *in personam,* his claim may be brought either in federal court under admiralty jurisdiction or, under the saving-to-suitors clause, in a civil action filed either in a state court or in federal district court if permitted by diversity or federal question jurisdiction. See Tanguis v. M/V WESTCHESTER, 153 F.Supp.2d 859, 865 (E.D. La. 2001) ("The effect of the saving-to-suitors clause essentially is to provide a plaintiff who has an in personam claim the choice of proceeding in an ordinary civil action in a state or federal court, rather than bringing a libel in admiralty in federal court.") (citing 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 4-4, at 160 (3d ed. 2001) (despite apparent grant of exclusive federal jurisdiction, the "saving clause" is interpreted to reserve to suitors the right of a common law remedy in all cases where the common law is competent to give it, and, since the common law is competent in all *in personam* suits, a plaintiff may elect to proceed in admiralty or to bring an ordinary civil action, either at law in state court or in a federal district court where another basis for federal jurisdiction exists)).

    2.   Right to Trial by Jury

The Seventh Amendment to the Constitution governs the right to a trial by jury and generally affords no right to a jury for claims brought within the court's admiralty jurisdiction. See Fitzgerald, 83 S.Ct. at 1650; Fed. R. Civ. P. 38(e). However, over the course

of time, courts have determined that there are two exceptions to the general rule that admiralty claims are tried exclusively to the court.   The first exception occurs where Congress has expressly provided for the right to a trial by jury, such as in the Jones Act.   Where a right to a jury trial is premised upon a statutory grant, such as the Jones Act, pendent claims arising out of the same occurrences, but which do not ordinarily carry a right to a jury, may be consolidated for the purpose of trial and may be heard by a jury.   See Fitzgerald, 83 S.Ct. at 1650-51; Luera v. The M/V ALBERTA, 635 F.3d 181, 190-96 (5th Cir. 2011).   Because the statute pursuant to which plaintiff seeks penalty wages, 46 U.S.C. § 10313, does not expressly provide a right to a jury trial, this exception is not applicable.   The second exception occurs when a claim falls within the "saving-to-suitors clause" and a plaintiff elects to proceed on the law side of the court based upon diversity or federal question jurisdiction.   See 28 U.S.C. § 1331(1) and Fed. R. Civ. P. 9(h).   Because neither plaintiff nor any of the defendants are citizens of the United States, diversity jurisdiction does not exist.   Therefore, plaintiff is not entitled to present his penalty wage claim to a jury unless he is able to show both that it raises a federal question for purposes of 28 U.S.C. § 1331, and that he has elected to proceed on the law side of the court.

## B.   Analysis

Plaintiff argues that his claim for penalty wages has an independent, statutory basis, apart from the court's admiralty

jurisdiction, which provides federal question jurisdiction under 28 U.S.C. § 1331.[19]  Plaintiff explains that

> he is not contending that mariners' claims for wages are not within the federal courts' admiralty and maritime jurisdiction.  Quite the contrary is true.  *See Bank of Scotland v. Sabay*, 211 F.3d 261, 269 and fn. 5 (5th Cir. 2000).   Plaintiff simply contends that as a foreign seafarer who was serving at the relevant time onboard a foreign vessel commanded by a foreign master and owned by a foreign vessel owner is entitled to predicate jurisdiction over his claim for penalty wages on the statutory basis afforded to him under Act of Congress. In doing so, he has invoked the Court's federal question jurisdiction, and the basis of his claim is the double wages statute, under 28 U.S.C. § 1331.[20]

1.   Plaintiff's Penalty Wage Claim Confers Both Admiralty and Federal Question Jurisdiction

There are at least two bases for federal maritime jurisdiction: (1) general maritime law recognized as self-evident when the Constitution was adopted and (2) acts of Congress.  The Seaman's Wage Act, 46 U.S.C. § 10313 is an act of Congress.   In Romero v. International Terminal Operating Co., 79 S.Ct. 468 (1959), the Supreme Court held that general maritime claims do not "arise[] under the Constitution, laws, or treaties of the

---

[19]Plaintiff's Proposed First Amended Verified Complaint also asserts that his claim that defendants violated the Act to Prevent Pollution from Ships, 33 U.S.C. § 1910, provides federal question jurisdiction, but since defendants' motion for summary judgment on that claim was granted by the December 4, 2012, Memorandum Opinion and Order, it cannot support plaintiff's demand for a jury.  See Docket Entry No. 129, p. 124; Mylonakis, ___ F.Supp.2d ___, 2012 WL 6042197, at *53.

[20]Plaintiff's Motion to Amend, Docket Entry No. 134, p. 6.

United States" within the meaning of 28 U.S.C. § 1331. Accordingly, general maritime claims do not provide a basis for federal question jurisdiction.  "Federal statutory maritime laws, however, not only confer admiralty jurisdiction, pursuant to 28 U.S.C. § 1333, but also 'arising under' jurisdiction, pursuant to 28 U.S.C. § 1331." Giacona v. Capricorn Shipping Co., 394 F.Supp. 1189, 1191 (S.D. Tex. 1975).  See also Castillo v. Spiliada Maritime Corp., 937 F.2d 240, 243 (5th Cir. 1991) ("Plaintiff's pleadings alleged claims for unpaid wages and statutory penalty wages and damages for breach of contract, wrongful discharge and blacklisting.  Jurisdiction was based on 46 U.S.C. § 10313(i), as well as general admiralty and maritime jurisdiction under Article III of the United States Constitution and 28 U.S.C. § 1333.").  Because plaintiff's penalty wage claim arises under a federal maritime statute, i.e., the Seaman's Wage Act, 46 U.S.C. § 10313, this claim confers both admiralty jurisdiction, pursuant to 28 U.S.C. § 1333, and federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Accordingly, pursuant to the "saving-to-suitors" clause, plaintiff may elect to pursue his penalty wage claim in admiralty or at law.

      2.    Plaintiff's Proposed First Amended Verified Complaint Contains an Election to Pursue Penalty Wage Claim in Admiralty

Plaintiff's statutory claim for penalty wages under 46 U.S.C. § 10313 is asserted in Count Seven of his Proposed First Amended

-13-

Verified Complaint.[21]  This claim is asserted against "Defendants,"
a term that includes the vessel, *in rem*, as well as Styga and
Helford, *in personam*.[22]  While the penalty wage claim asserted *in
rem* against the vessel may only be brought in admiralty before a
federal court; plaintiff may elect to bring the penalty wage claim
asserted against STYGA and Helford *in personam* either in admiralty
or "at law" pursuant to the "saving-to-suitors" clause.  See Fed.
R. Civ. P. 9(h).  See also Durden, 803 F.2d at 849; and TNT Marine,
702 F.2d at 585.

   Federal Rule of Civil Procedure 9(h) provides:

   **(1)** *How Designated.*  If a claim for relief is within the
   admiralty or maritime jurisdiction and also within the
   court's subject-matter jurisdiction on some other ground,
   the pleading may designate the claim as an admiralty or
   maritime claim for purposes of Rules 14(c), 38(e), and 82
   and the Supplemental Rules for Admiralty or Maritime
   Claims and Asset Forfeiture Actions.  A claim cognizable
   only in the admiralty or maritime jurisdiction is an
   admiralty or maritime claim for those purposes, whether
   or not so designated.

   **(2)** *Designation for Appeal.*  A case that includes an
   admiralty or maritime claim within this subdivision (h)
   is an admiralty case within 28 U.S.C. § 1292(a)(3).

Fed. R. Civ. P. 9(h).  Rule 38(e) of the Federal Rules of Civil
Procedure states that "[t]hese rules do not create a right to a
jury trial on issues in a claim that is an admiralty or maritime
claim under Rule 9(h)."

---

   [21]Proposed First Amended Verified Complaint, Exhibit A to
Docket Entry No. 134, pp. 29-31.

   [22]Id. at 2-3.

-14-

The first sentence of Rule 9(h) indicates that a suit falling under admiralty as well as "the court's subject-matter jurisdiction on some other ground," e.g., federal question jurisdiction, will be treated as an admiralty claim for purposes of the right to a jury trial (Rule 38(e)) if the pleading "designate[s] the claim as an admiralty or maritime claim."  In other words, the plaintiff may elect to have a claim treated as either an admiralty claim or a federal question claim, but there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty claim.  A plaintiff's claim will be treated as one in admiralty pursuant to "a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim."  Fed. R. Civ. P. 9 advisory committee note (1966 amendment).  See Romero v. Bethlehem Steel Corp., 515 F.2d 1249, 1252 (5th Cir. 1975) (existence of an alternative basis of jurisdiction will not entitle the plaintiff to a jury trial on a claim identified in the plaintiff's pleadings as an admiralty or maritime claim).

The paragraph of plaintiff's Proposed First Amended Complaint labeled "Subject Matter Jurisdiction" describes his penalty wage claim under 46 U.S.C. § 10313 asserted in Count Seven as both a statutory claim based on federal question jurisdiction under 28 U.S.C. § 1331, and an "admiralty and maritime law claim" based on admiralty jurisdiction under 28 U.S.C. § 1333.  Because the complaint asserts admiralty jurisdiction concurrently or alterna- tively with federal question jurisdiction, plaintiff has made a

-15-

Rule 9(h) election for the *in personam* penalty wage claims asserted against STYGA and Helford.  See Conti v. Sanko Steamship Co., Ltd., 912 F.2d 816, 817 (5th Cir. 1990) (citing TNT Marine, 702 F.2d at 587-88, for the conclusion that "Conti pled both diversity and admiralty jurisdiction.  Our court has held that in such circumstances the complaint invokes the admiralty jurisdiction of the court.").  See also TNT Marine, 702 F.2d at 587 ("[T]here is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well.").  In short, despite plaintiff's stated intent to amend his complaint to bring the penalty wage claims alleged against STYGA and Helford *in personam* under the court's federal question jurisdiction, the plaintiff has elected to bring these claims under the court's admiralty jurisdiction.

At a scheduling conference held on Friday, May 10, 2013, plaintiff's attorney unequivocally stated that the alternative basis for jurisdiction over Count Seven asserted in plaintiff's Proposed First Amended Verified Complaint (Exhibit A to Plaintiff's Motion to Amend, Docket Entry No. 134) was an error on the part of plaintiff's attorney, and that plaintiff seeks leave to amend his complaint in order to withdraw any Rule 9(h) election made with regard to his penalty wage claims against the *in personam* defendants and, instead, to base those claims solely on federal question jurisdiction so that he can reurge his demand for a jury

-16-

on those claims.  See Luera, 635 F.3d at 193 (recognizing that the

unified rules contemplate hybrid proceedings by providing that

admiralty and non-admiralty claims can be brought together in the

same action, and affirming the district court's order granting

plaintiff a jury trial upon the filing of an amended complaint

clarifying that she was asserting subject matter jurisdiction for

her in personam claims based solely on diversity).

> 3.   The Seventh Amendment Provides Right to Jury on Penalty
>      Wage Claims Asserted Against STYGA and Helford In
>      Personam

Acknowledging that the penalty wage statute does not contain

an expressly stated right to a jury trial, plaintiff acknowledges

that he "will be entitled to have his claims under this heading

heard by a jury only if the Seventh Amendment to the United States

Constitution provides such a right."[23]  Citing United States v.

Viking Resources, Inc., 607 F.Supp.2d 808 (S.D. Tex. 2009),

plaintiff argues that

> The Seventh Amendment provides:  "In Suits at common law,
> where the value in controversy shall exceed twenty
> dollars, the right of trial by jury shall be preserved
> ...."  U.S. Const. amend. VII (emphasis added).  The
> Supreme Court has explained that this amendment not only
> preserves the right to a jury trial as it existed at the
> time of the ratification of the amendment in 1791, but
> also "appl[ies] to actions enforcing statutory rights,
> and requires a jury trial upon demand, if the statute
> creates legal rights and remedies, enforceable in an
> action for damages in the ordinary courts of law."
> Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 1008, 39
> L.Ed.2d 260 (1974) (emphasis added).  "In contrast, those

---

[23]Plaintiff's Motion to Amend, Docket Entry No. 134, p. 8.

actions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial." *Tull v. United States*, 481 U.S. 412, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987).[24]

Citing, inter alia, <u>Waring v. Clarke</u>, 46 U.S. 441, 459, 12 L.Ed. 226, 235 (1847), plaintiff argues that "at the relevant historical period, mariners' unpaid wage claims were within the concurrent jurisdiction of admiralty and law courts,"[25] and that "[c]laims within this concurrent jurisdiction were, at the option of the litigants, triable as common law claims before a jury."[26] Citing, <u>inter alia</u>, <u>Sabay</u>, 211 F.3d at 261 n.5, plaintiff contends that "in either their remedial nature or their deterrent nature, penalty wages are a form of damages, not in any way different from the damages awarded by common law courts. Thus, Plaintiff, for his penalty wages claim, is entitled to a jury trial under the Seventh Amendment."[27]

Defendants do not address plaintiff's argument that the Seventh Amendment would entitle him to a jury trial on penalty wage claims asserted on the basis of federal question jurisdiction against the *in personam* defendants. Instead, defendants merely argue that "[i]f the Supreme Court decision in *Romero*[, 79 S.Ct. at 468,] stands for anything it is a rejection of an 'infusion of

---

[24]<u>Id.</u>

[25]<u>Id.</u> at 9.

[26]<u>Id.</u>

[27]<u>Id.</u> at 10.

general maritime jurisdiction into' the federal question jurisdiction."[28]  From this defendants conclude that "[t]he blunt truth is that a seaman's wage claim is uniquely maritime in nature and following the time honored traditions of our maritime practice is to be dealt with by the Court sitting in admiralty without a jury."[29]  Since Romero involved claims asserted under general maritime jurisdiction and did not involve claims asserted under the Penalty Wage Act or any other federal statute, Romero neither refutes the plaintiff's Seventh Amendment argument nor supports the defendants' contention that plaintiff is not entitled to a jury. Moreover, under Fitzgerald, 83 S.Ct. at 1646 (a case where a plaintiff pleaded a claim that conferred a right to a jury trial together with an admiralty claim that did not confer that right), the Supreme Court held that all of plaintiff's claims could be tried to a jury because they all arose out the same set of facts. Id. at 1649-50.  See also Luera, 635 F.3d at 192 (quoting Fitzgerald, 83 S.Ct. at 1649 ("While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases.")).  Accordingly, the court is not persuaded that the

---

[28]Defendants' Response, Docket Entry No. 139, p. 6.

[29]Id.

Supreme Court's decision in <u>Romero</u> prevents it from concluding that plaintiff would be entitled to present his *in personam* penalty wage claims to a jury if those claims are alleged solely on the basis of federal question jurisdiction and, if so, that all of the claims asserted in this action could be tried to a jury because they all arise out of the same set of facts.

    4.   <u>Granting Leave to Amend Will Not Prejudice Defendants</u>

A plaintiff's Rule 9(h) election is subject to the liberal standards for amending pleadings in Rule 15(a)(2), which provides that "[t]he court should freely give leave [to amend] when justice so requires." The Fifth Circuit has said that "Rule 9(h) is not a harsh rule," <u>T.N.T. Marine</u>, 702 F.2d at 588, and that "[t]he pleader's identification of his claim as an admiralty or maritime claim or a failure to do so is not an irrevocable election." <u>Luera</u>, 635 F.3d at 187. Provided that there is no prejudice to the court or to the defendants, a plaintiff should be permitted to amend his complaint to change his Rule 9(h) election. <u>Id.</u> (citing <u>Conti v. Sanko S.S. Co., Ltd.</u>, 912 F.2d 816, 818 (5th Cir. 1990)).

Defendants argue that they will by prejudiced if the court grants plaintiff's motion for leave to amend on the basis of federal question jurisdiction because

> Styga would suffer the prejudice of having to be subject
> to a jury trial for claims for which it cannot be held
> liable. Section 10313 imposes liability for penalty
> wages only on the "master or owner." 46 U.S.C.
> § 10313(g) (2012). The purpose for this is to coerce

> masters or owners into prompt payment of seaman's wages.
> *Sabay*, 211 F.3d at 276 . . . Styga was at all material
> times the manager/operator of the M/T GEORGIOS M. The
> penalty wage claim does not apply to Styga, rather only
> to the vessel owner Helford. It would be prejudicial to
> require Styga to submit to a jury trial it does not
> desire.[30]

Defendants also argue that they have prepared the case assuming it would be tried to the court, and will face a "considerable burden and additional expense to prepare the case for presentation to a jury on short notice."[31]

Whether STYGA is a master or an owner responsible for payment of penalty wages or is, instead, merely an operator that cannot he held liable for penalty wages is a fact issue to be determined at trial. Nor is the court persuaded by defendants' assertion that they will be prejudiced by the need to prepare the case for presentation to a jury on short notice. Defendants fail to explain why they will face considerable burden and additional expense to prepare the case for presentation to a jury, and their contention that they will need to do so on short notice is unfounded because when plaintiff filed his motion to amend and defendants filed their response thereto, no trial date had been set. Moreover, plaintiff's demand for a jury is not new, plaintiff's original complaint included a jury demand. Accordingly, the court concludes that defendants will suffer no prejudice if the court grants

---

[30]Defendants' Response, Docket Entry No. 139, pp. 9-10.

[31]<u>Id.</u> at 10.

plaintiff's motion for leave to amend his complaint to restate the
jurisdictional basis and to reurge his demand for a jury.

## C.  Conclusions

At the scheduling conference and docket call held on May 10,
2013, plaintiff's counsel stated that he intends to amend
plaintiff's complaint to unambiguously state that the *in personam*
claims for penalty wages asserted against STYGA and Helford under
46 U.S.C. § 10313 are based exclusively on federal question
jurisdiction pursuant to 28 U.S.C. § 1331, thereby entitling
plaintiff to demand a jury for those claims.  Because defendants
have failed to demonstrate that allowing plaintiff to amend his
complaint will prejudice them, the court concludes that defendants
will suffer little to no prejudice if plaintiff is allowed to amend
his complaint.  Accordingly, plaintiff's motion to amend will be
granted, and if plaintiff amends his complaint by removing the
statement of "admiralty" from the caption, omitting all of the
claims that were resolved by dismissal and/or by grant of summary
judgment in the court's Memorandum Opinion and Order of December 4,
2012, and stating unambiguously that the *in personam* claims
asserted against STYGA and Helford under the penalty wage statute,
46 U.S.C. § 10313, are based exclusively on federal question
jurisdiction, all of the claims remaining in this action will be
tried to a jury because they are all based on one event, causing
one set of injuries to one victim.

## IV.  Motion to File Supplemental Complaint

In his Motion for Leave to File Supplemental Complaint (Docket Entry No. 152) plaintiff seeks leave to supplement his Original Verified Complaint by

> add[ing] a tenth count that will allow him to add an additional heading of damages arising from and relating to the events that form the basis of his original complaint founded, however, on new developments in the condition of [his] health which has deteriorated, worsened, and recently required [] him to undergo major surgery.[32]

This motion is governed by Federal Rule of Civil Procedure 15(d), which provides:  "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."    In Southwestern Bell Telephone Co. v. Fitch, 801 F.Supp.2d 555, 581 n.107 (S.D. Tex. 2011), the court noted that the factors applied to a Rule 15(a) inquiry are also applied to a Rule 15(d) inquiry, e.g., undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments granted earlier, undue prejudice to the opposing party, and futility. Whether to grant a Rule 15(d) motion is in the court's discretion. See Haggard v. Bank of the Ozarks, Inc., 668 F.3d 196, 202 (5th Cir. 2012).

---

[32]Motion for Leave to File Supplemental Complaint, Docket Entry No. 152, p. 1.

-23-

Here, the transaction or occurrence that prompted plaintiff's motion is the recent deterioration in plaintiff's health that required him to undergo surgery to save his only working kidney.[33] Plaintiff asserts that he does not seek to introduce a new, separate cause of action but, instead, seeks only to assert additional facts showing that defendants' persistent denial of maintenance and cure has "led to the aggravation of the illness to such an extent as to entitle Plaintiff to claim tort damages separate and apart from the maintenance and cure benefits."[34] Plaintiff contends that "the aggravation of [his] medical condition as a result of his inability to obtain the medical treatment that he needed, did not become fully manifest, even to [him] until February and March of 2013 when additional medical testing showed that he needed immediate surgery to avoid the destruction of his kidney."[35]

In cases such as this where plaintiff has alleged a claim for maintenance and cure, and has also alleged that maximum cure has not been obtained, awards for maintenance and cure can extend through the time of trial. See Cervo v. Isbrandtsen Co., 178 F.2d 919, 920 (2d Cir. 1949) (where maximum cure has not been attained, awards for maintenance and cure are usually limited to the time of

---

[33]Id. at 5.

[34]Id. at 6.

[35]Id. at 7.

-24-

trial, and a shipowner may be subject to repeated suits for amounts due during intermittent periods of disability).   Although defendants argued at the May 10, 2013, scheduling conference that granting plaintiff's motion to supplement will prejudice them because they have had no discovery regarding the supplemental facts, plaintiff agreed to provide the defendants medical records relevant to those facts, and defendants have received leave to file a motion to compel discovery by May 17, 2013.  Since this case is not set for trial until July 15, 2013, defendants have ample time to conduct discovery on plaintiff's maintenance and cure claim. Plaintiff's motion to supplement will therefore be granted.

## V.  Conclusions and Order

For the reasons stated above in § III, Plaintiff's Motion to Amend Original Complaint to Restate Jurisdictional Basis and Jury Trial Demand (Docket Entry No. 134) is **GRANTED**.  If plaintiff files an amended complaint in which he revises the caption to omit the word "admiralty;" revises his statement of claims to omit those that were resolved by dismissal and/or by grant of summary judgment in the court's Memorandum Opinion and Order of December 4, 2012; and states unambiguously that the *in personam* claims asserted against STYGA and Helford under the penalty wage statute, 46 U.S.C. § 10313, are based exclusively on federal question jurisdiction, all of the claims remaining in this action will be tried to a jury because all of the remaining claims are based on one event, causing

-25-

one set of injuries to one victim.  If plaintiff fails to amend his complaint accordingly, his jury demand will be stricken.

For the reasons stated above in § IV, Plaintiff's Motion for Leave to File Supplemental Complaint (Docket Entry No. 152) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 14th day of May, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE